JB/2020R01201



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Crim. No. 21-303 (NLH) |
|---|---|
| v. | 18 U.S.C. § 1343 |
| FRANK N. TOBOLSKY | INDICTMENT |

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

### COUNTS ONE THROUGH EIGHT
(Wire Fraud)

People and Entities

1. At all times relevant to this indictment:

   a. Defendant FRANK N. TOBOLSKY was a licensed attorney who resided in Merchantville, New Jersey.

   b. JJ Funding LLC and Magfit LLC were entities created and controlled by defendant FRANK N. TOBOLSKY. Defendant FRANK N. TOBOLSKY opened and was the sole signatory on bank accounts for both entities.

   c. Victim 1 resided in Delaware.

1

## The Scheme to Defraud

2. From in or about November 2013 through in or about May 2016, in the District of New Jersey and elsewhere, defendant

## FRANK N. TOBOLSKY

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises ("the scheme to defraud"), as set forth below.

## Object of the Scheme to Defraud

3. The object of the scheme to defraud was for defendant FRANK N. TOBOLSKY to enrich himself through the use of funds that he fraudulently obtained from Victim 1 under the guise of creating an investment portfolio of personal loans to season ticket holders of a professional sports team in Philadelphia, Pennsylvania.

## Manner and Means of the Scheme to Defraud

4. It was part of the scheme to defraud that defendant FRANK N. TOBOLSKY solicited money from Victim 1 based on false and fraudulent representations, including, but not limited to:

   a. that the money would be used to fund loans secured by seat licenses belonging to season ticket holders who were the purported borrowers; and

   b. that the money would be used to pay off balances owed to the professional sports team by the purported borrowers so that the seat

2

licenses would continue to secure purported loans already made.

5. It was further part of the scheme that defendant FRANK N. TOBOLSKY created false and fictitious identities of purported borrowers and other investors that, in fact, never existed.

6. It was further part of the scheme to defraud that defendant FRANK N. TOBOLSKY sent Victim 1 "lulling" payments that purported to be earnings on Victim 1's investment but were, in fact, a return of a portion of Victim 1's own money.

7. It was further part of the scheme that defendant FRANK N. TOBOLSKY obtained from Victim 1 a gross amount of more than $2.4 million spread over approximately 78 payments between November 2013 through May 2016, including a $74,300 payment from Victim 1 to the Magfit LLC bank account on or about May 2, 2016.

8. It was further part of the scheme to defraud that defendant FRANK N. TOBOLSKY used the money from Victim 1 for his personal use, including withdrawing cash for gambling at various casinos.

The Charge

9. On or about each of the dates set forth below, in the District of New Jersey and elsewhere, defendant

FRANK N. TOBOLSKY,

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain

licenses would continue to secure purported loans already made.

5. It was further part of the scheme that defendant FRANK N. TOBOLSKY created false and fictitious identities of purported borrowers and other investors that, in fact, never existed.

6. It was further part of the scheme to defraud that defendant FRANK N. TOBOLSKY sent Victim 1 "lulling" payments that purported to be earnings on Victim 1's investment but were, in fact, a return of a portion of Victim 1's own money.

7. It was further part of the scheme that defendant FRANK N. TOBOLSKY obtained from Victim 1 a gross amount of more than $2.4 million spread over approximately 78 payments between November 2013 through May 2016, including a $74,300 payment from Victim 1 to the Magfit LLC bank account on or about May 2, 2016.

8. It was further part of the scheme to defraud that defendant FRANK N. TOBOLSKY used the money from Victim 1 for his personal use, including withdrawing cash for gambling at various casinos.

The Charge

9. On or about each of the dates set forth below, in the District of New Jersey and elsewhere, defendant

FRANK N. TOBOLSKY,

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain

3

writings, signs, signals, pictures and sounds, as set forth more fully below, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE/TIME | DESCRIPTION |
|---|---|---|
| 1 | April 30, 2016 (12:05 p.m.) | e-mail from defendant FRANK N. TOBOLSKY via JJ Funding email address to Victim 1 indicating that each would have to pay "$69,300 to $76,300" toward ticket balances |
| 2 | April 30, 2016 (12:18 p.m.) | e-mail from defendant FRANK N. TOBOLSKY via JJ Funding email address to Victim 1 indicating that "until your advance that you make on Monday is paid back to you, any extra surplus will go first to you" |
| 3 | April 30, 2016 (5:20 p.m.) | e-mail from defendant FRANK N. TOBOLSKY via JJ Funding email address to Victim 1 with subject line "Re: SBL workouts – total is $74,300 to cover 1/2 tickets payment" |
| 4 | May 3, 2016 (10:30 a.m.) | Cash withdrawal of $5,000 from Magfit LLC bank account in New Jersey |
| 5 | May 3, 2016 (11:15 a.m.) | Cash withdrawal of $5,000 from Magfit LLC bank account in New Jersey |
| 6 | May 5, 2016 (3:30 p.m.) | Cash withdrawal of $4,000 from FRANK N. TOBOLSKY's personal bank account in New Jersey |
| 7 | May 6, 2016 (12:25 p.m.) | Cash withdrawal of $6,000 from Magfit LLC bank account in New Jersey |
| 8 | May 6, 2016 (1:12 p.m.) | Cash withdrawal of $4,000 from Magfit LLC bank account in New Jersey |

In violation of Title 18, United States Codes, Section 1343.

## FORFEITURE ALLEGATION

1.   As a result of committing the offenses charged in Counts One through Eight of this Indictment, the defendant,

### FRANK N. TOBOLSKY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations of Title 18, United States Code, Section 1343 alleged in Counts One through Eight of this Indictment.

### Substitute Assets Provision

2.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)   cannot be located upon the exercise of due diligence;

  (b)   has been transferred or sold to, or deposited with, a third person;

  (c)   has been placed beyond the jurisdiction of the Court;

  (d)   has been substantially diminished in value; or

  (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

_____
FOREPERSON

_Rachael A. Honig by AC_

RACHAEL A. HONIG
Acting United States Attorney

**CASE NUMBER: 21-**

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**FRANK N. TOBOLSKY**

# INDICTMENT FOR

18 U.S.C. § 1343

RACHAEL A. HONIG
ACTING U.S. ATTORNEY, NEWARK, NEW JERSEY

JEFFREY B. BENDER
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
(856) 757-5121